IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| 375 SLANE CHAPEL ROAD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-05044-SRB |
| | ) | |
| STONE COUNTY, MISSOURI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss. (Doc. #10.) For the reasons stated below, the motion is GRANTED IN PART as discussed below.[1]

### I. BACKGROUND

Plaintiff in this civil rights action is 375 Slane Chapel Road LLC ("Plaintiff"), a Missouri limited liability company owned and operated by Missouri residents Joseph and Yvonne Cordells ("the Cordells"). Plaintiff owns three parcels of real property located in Stone County, Missouri, which are designated as R-1 properties under Stone County's zoning regulations (the "Zoning Regulations"). Briefly, the relevant facts as taken from Plaintiff's complaint are set forth below.

Under Stone County's Zoning Regulations, owners of an R-1 property seeking to operate a short-term rental must apply for a conditional-use permit from the Stone County Planning and Zoning Commission ("the P&Z Commission"). On or around October 20, 2020, Plaintiff filed an application for a conditional-use permit to allow for short-term rentals on its properties (the "Application"). The P&Z Commission approved the Application during a hearing on November

---

[1] In their reply brief, Defendants requested oral argument on the instant motion. Upon review of the record and the parties' briefing, the Court finds oral argument is not necessary to resolve the issues raised by this motion. *See* Local Rule 7.0(b) ("The Court may, but need not, order and consider oral argument.").

17, 2020.  Shortly thereafter, a neighboring landowner appealed the P&Z Commission's decision to the Stone County Board of Adjustment (the "Board of Adjustment").  On April 13, 2021, the Board of Adjustment held a hearing on the matter, where multiple neighboring landowners to Plaintiff's properties voiced their opposition to the P&Z Commission's grant of a conditional-use permit.  The Board of Adjustment ultimately reversed the P&Z Commission's decision and denied Plaintiff's application for a conditional-use permit.

On May 12, 2021, Plaintiff filed a complaint in federal court asserting three causes of action (Counts I, II, and III) arising under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment against the following parties: Stone County, Missouri (the "County"); the Stone County Commission (the "County Commission"); the P&Z Commission; and the Stone County Planning and Zoning Board (the "P&Z Board") (collectively, "Defendants").  Plaintiff seeks a judgment declaring certain identified provisions of Stone County's Zoning Regulations are "unconstitutional as applied to [Plaintiff] in violation of its Fourteenth Amendment right to Due Process of law" and "facial[ly] unconstitutional[]" due to vagueness.  (Doc. #1, ¶¶ 39, 47–48.)  Plaintiff also asks for Defendants to be "preliminarily and permanently enjoined" from enforcing certain provisions of Stone County's Zoning Regulations against Plaintiff and other short-term rental applicants.  (Doc. #1, ¶¶ 51–52.)  Defendants now move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and Rule 12(b)(6).[2]

## II. LEGAL STANDARD

Rule 12(b)(1) provides for the dismissal of a claim when the Court lacks subject matter jurisdiction.  When a defendant challenges a court's subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction exists.  *Jones v. Carondelet Health*, No. 12-CV-00213, 2012

---

[2] Given that the instant motion is resolved on abstention grounds, the Court need not address Defendants' arguments that Plaintiff fails to state a claim upon which relief may be granted under Rule 12(b)(6).

WL 12898834, at *1 (W.D. Mo. Aug. 17, 2012) (citing *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). "In deciding a Rule 12(b)(1) motion, a district court is required to distinguish between a facial attack and a factual attack." *Roberts v. Dep't of Veterans Affs.*, No. 20-CV-00076, 2020 WL 7086103, at *2 (W.D. Mo. Dec. 2, 2020); *see also Osborn*, 918 F.2d at 729 n.6. In a facial challenge, the court reviews only the pleadings and "all factual allegations concerning jurisdiction are presumed to be true." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). The motion "is successful if the plaintiff fails to allege an element necessary for subject-matter jurisdiction." *Id.* In a factual challenge to jurisdiction, a court may consider facts outside the pleadings and the non-moving party does not benefit from the presumption of truth. *Osborn*, 918 F.2d at 729 n.6; *accord Mathews v. Fieldworks, LLC*, No. 20-CV-06057, 2021 WL 1113205, at *5 (W.D. Mo. Mar. 23, 2021) (citation omitted) (noting that "[i]n a factual attack the moving party submits evidentiary materials such as affidavits or depositions to attack the jurisdictional allegations of the complaint, and the court may consider that evidence when determining whether it has subject matter jurisdiction").

### III. DISCUSSION

As a threshold issue, Defendants contend Plaintiff's complaint must be dismissed due to a lack of jurisdiction. Defendants argue Plaintiff's complaint "fail[s] to allege a substantial federal question" under § 1983, and further contend Plaintiff's asserted claims are barred by the *Younger* abstention doctrine set forth in U.S. Supreme Court decision *Younger v. Harris,* 401 U.S. 37, 41 (1971). (Doc. #11, p. 8.)[3] Plaintiff argues that it adequately alleges claims invoking this Court's federal question jurisdiction, and further contends that abstention under *Younger* is inapplicable. Each argument is addressed in turn below.

---

[3] All page numbers cited herein refer to the pagination automatically generated by CM/ECF.

3

### A. Rule 12(b)(1): Facial Challenge to Plaintiff's Asserted Claims

To the extent Defendants argue Plaintiff fails to establish federal jurisdiction by failing to allege a substantial federal question under § 1983, the Court finds this argument presents a facial attack on Plaintiff's complaint under Rule 12(b)(1).[4]  The Court in turn limits its analysis for this specific argument to the pleadings and takes Plaintiff's factual allegations as true.  *See Titus*, 4 F.3d at 593.  Defendants argue Plaintiff merely presents a "run of the mill zoning dispute" and fails to allege a substantial federal question entitling it to jurisdiction.  Specifically, Defendants argue there are no facts alleged that would support a substantive due process violation.  Plaintiff responds that it does not assert a substantive due process claim, but instead asserts that the Stone County Zoning Regulations at issue are unconstitutionally vague on their face and as applied.

The Court determines that Plaintiff's allegations present a substantial federal question and adequately invoke this Court's jurisdiction.  In the context of a Rule 12(b)(1) analysis, the Court considers whether the plaintiff's claim is subject to a determination of federal law over which the Court has jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (noting that "jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover") (cleaned up).  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Id.* (cleaned up).  Plaintiff alleges certain provisions of Stone County's Zoning Regulations are "unconstitutionally

---

[4] Plaintiff's opposition notes that Defendants' briefing does not clearly identify the controlling legal standard for its jurisdictional arguments.  (Doc. #13, p. 10.)  In their reply brief, Defendants do not respond to Plaintiff's contention nor clarify the standard governing their lack-of-jurisdiction argument regarding the sufficiency of Plaintiff's § 1983 claims.  However, the Court observes that Defendants' motion to dismiss identifies Rule 12(b)(1) as the basis for its abstention argument.  (Doc. #10, p. 4.)

vague," both on their face and as applied, in violation of the Fourteenth Amendment. (Doc. #1, pp. 8–10.) Regardless of whether Plaintiff is likely to recover on those claims, its allegations are not legally foreclosed or wholly devoid of merit. *See, e.g.*, *ChemSol, LLC v. City of Sibley*, 386 F. Supp. 3d 1000, 1019 (N.D. Iowa 2019) (involving a § 1983 claim alleging a local ordinance is unconstitutionally vague); *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1308 (8th Cir. 1997) (detailing the constitutional basis for a void-for-vagueness claim). In turn, Plaintiff's complaint implicates substantial federal questions enabling the Court to properly exercise its jurisdiction. Defendants' motion on this point is denied.

### B. *Younger* Abstention

Defendants alternatively contend Plaintiff's claims are barred by the *Younger* abstention doctrine. District courts that have considered the issue in this context either construe the matter as a factual attack arising under Rule 12(b)(1) or, alternatively, a prudential ground for dismissal not bound by the assertions in a complaint. *See, e.g.*, *Backpage.com, LLC v. Hawley*, No. 17-CV-1951, 2017 WL 5726868, at *3 (E.D. Mo. Nov. 28, 2017) (collecting cases) (declining to rely on Rule 12(b)(1) or Rule 12(b)(6) in deciding the applicability of abstention under *Younger)*; *Chicago Ins. Co. v. Diocese of Kansas City-St. Joseph*, No. 13-CV-00678, 2014 WL 556358, at *1 (W.D. Mo. Feb. 13, 2014) (considering the need for abstention on a motion to dismiss as a factual attack on a complaint under Rule 12(b)(1)). Whether analyzed as a factual attack under Rule 12(b)(1) or an independent prudential basis for dismissal, the Court finds that it is not limited to Plaintiff's complaint when determining whether the *Younger* abstention doctrine deprives it of jurisdiction in this case.

Defendants assert that on the same day Plaintiff initiated suit in federal court, Plaintiff also filed a petition in state court asserting claims arising from the same Board of Adjustment

decision and Zoning Regulations that underlie the instant federal action. Given the pending state proceeding, Defendants argue this Court must postpone its exercise of jurisdiction in this case. Plaintiff disagrees, arguing its state proceeding "does not fit any category of cases warranting abstention" under the *Younger* doctrine. (Doc. #13, p. 13.)

Generally, federal district courts "have a virtually unflagging obligation to exercise their jurisdiction." *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1142 (8th Cir. 1990) (cleaned up) (quoting *Deakins v. Monaghan,* 484 U.S. 193, 206 (1988)). However, the *Younger* doctrine and its progeny provide that a federal court should abstain from exercising jurisdiction over a case if there is a parallel state proceeding which fits into one of three narrow categories: "(1) a criminal prosecution, (2) a civil enforcement proceeding that is akin to a criminal prosecution, or (3) a proceeding implicating a state's interest in enforcing the orders and judgments of its courts." *Minnesota Living Assist., Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018) (citation omitted). If the state proceeding falls within one of the three categories that triggers *Younger* abstention, a court should consider three additional factors, known as the *Middlesex* factors, before deciding if abstention is appropriate. *See id.* at 553 (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Supreme Court cautions that "even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013) (citations omitted).

1. **Cases Triggering Abstention Under *Younger***

Defendants argue that state proceedings dealing with land use and local zoning issues are emblematic of proceedings that are subject to abstention. Plaintiff disagrees, stating the petition it filed in state court does not seek to enforce a state court order or judgment, nor is it a criminal proceeding or civil proceeding akin to one. In support of its position, Plaintiff simply cites to the

Missouri statute giving rise to its state court petition, MO. REV. STAT. § 64.870(2), and offers no other discussion regarding the nature or function of that state court proceeding.

Upon careful review of the record, the parties' briefs, and the relevant caselaw, the Court finds the parallel state court proceeding is one that implicates abstention under *Younger*. The parties do not dispute that the only category of cases that could potentially trigger abstention in this case is a state proceeding implicating a state's interest in enforcing the orders and judgments of its courts. Plaintiff filed its petition for writ of certiorari in the Circuit Court of Stone County pursuant to MO. REV. STAT. § 64.870(2), which states in relevant part:

> Any owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment or of the county commission, . . . or board, commission or other public official, may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. . . . Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment . . . of the action taken and data and records acted upon, and may appoint a referee to take additional evidence in the case. The court may reverse or affirm or may modify the decision brought up for review.

Plaintiff's state court petition also asserts that the Board of Adjustment's actions violate both the Missouri Constitution's and the U.S. Constitution's Equal Protection Clause.

While Plaintiff summarily argues its state proceeding does not involve the enforcement of state court orders or judgments, the Court disagrees. Judicial review pursuant to MO. REV. STAT. § 64.870 is the exclusive remedy for a party aggrieved by a decision of a board of adjustment. *State ex rel. Freeway Media, L.L.C. v. City of Kansas City*, 14 S.W.3d 169, 174 (Mo. App. W.D. 2000). The statute expressly authorizes the reviewing state court to consider additional evidence and reverse, affirm, or modify the zoning decision asserted by the petitioner, and also permits the petitioner to "prosecute an appeal" to an appellate court. *See* MO. REV. STAT. § 64.870(2). Given the allegations and statutory framework underlying Plaintiff's state court petition, the Court finds

that this particular state court proceeding is sufficiently judicial in nature to "implicate the state's interest in enforcing the orders and judgments of its courts." *Peterson*, 899 F.3d at 552.

As noted by Defendants, the Eighth Circuit decision in *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475 (1998), is instructive. In *Night Clubs*, a business applied for, and initially received, a permit to operate a nightclub from the Fort Smith Planning Commission. *Id.* at 477–78. When the business later sought permission to open an exotic (i.e. nude) dancing facility at the same location, the Fort Smith Planning Commission denied the request. *Id.* After an appeal of the denial to the planning commission failed, the business filed suit in an Arkansas state court before eventually filing a civil rights action under 42 U.S.C. § 1983 in federal court. *Id.* The Eighth Circuit affirmed the district court's determination that abstention under *Younger* applied, stating the appeal of an action applying zoning regulations is "quasi-judicial in nature" under Arkansas law. *Id.* at 479.

Missouri caselaw on this point is sufficiently analogous and, in light of the content and assertions of Plaintiff's state court petition, supports the same finding here. *See, e.g.*, *Gash v. Lafayette Cty.*, 245 S.W.3d 229, 233–34 (Mo. banc 2008) (detailing MO. REV. STAT. § 64.870 and the judicial remedy available for appeals of county commission zoning decisions); *State ex rel. Nigro v. Kansas City*, 27 S.W.2d 1030, 1032 (Mo. banc 1930) (discussing the quasi-judicial nature of board-of-adjustment zoning decisions). Further, the Court recognizes that Missouri's ability to administer zoning and land use-related matters is an important state interest implicating principles of comity and federalism. *See Night Clubs*, 163 F.3d at 480 (quoting *Sinclair Oil Corp. v. Cty. of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996) ("'[L]and use planning is a sensitive area of social policy' which federal courts typically ought not enter.") (collecting cases finding the same); *compare to Backpage*, 2017 WL 5726868, at *7 (detailing the U.S. Supreme

Court's discussion in *Sprint v. Jacobs* of the comity and federalism considerations involved in determining whether the exercise of federal jurisdiction may interfere with a state's interests in enforcing a state court order or judgment). In turn, the Court finds Plaintiff's state proceeding falls within the narrow categories of cases that may warrant abstention under *Younger*.

## 2. The *Middlesex* Factors

Having found abstention under *Younger* potentially applicable, the Court must consider the three *Middlesex* factors before deciding whether abstention is proper. *Peterson*, 899 F.3d at 553. In doing so, the Court considers whether the ongoing state court proceeding "(1) is judicial in nature, (2) implicates important state interests, and (3) provides an adequate opportunity to raise constitutional challenges." *Id.* (citing *Middlesex*, 457 U.S. at 432); *see also Sprint*, 571 U.S. at 81 (noting that the *Middlesex* factors are "not dispositive" and are "*additional* factors appropriately considered by the federal court before invoking *Younger*") (emphasis in original). Defendants contend the *Middlesex* factors are readily satisfied in this case. Plaintiff disagrees.

Regarding the first factor, Plaintiff argues the state-court proceeding is not judicial nor was it ongoing at the time it initiated suit in federal court. As for the nature of the state-court proceeding, the Court finds it is sufficiently judicial in nature for the reasons discussed earlier. *See also, e.g.*, *Night Clubs*, 163 F.3d at 478–79. On the issue of timing, Plaintiff argues that because it filed its state-court petition after initiating suit in federal court, *Younger* is inapplicable because the state proceeding was not ongoing. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012) (citation omitted) ("For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."). However, Plaintiff acknowledges the cases were initiated only an

hour apart—Plaintiff filed its federal complaint at 10:19AM CST on May 12, 2021, and filed its state court petition at 11:21AM CST that same day.

The Court is not persuaded that abstention under *Younger* is wholly inapplicable because Plaintiff initiated its federal suit sixty-two minutes before its state court action. Both the Eighth Circuit and the U.S. Supreme Court recognize "there is no fixed requirement in the law that a state judicial proceeding must have been initiated before the federal case was filed for [*Younger*] abstention to be appropriate." *Aaron v. Target Corp.*, 357 F.3d 768, 775 (8th Cir. 2004) (noting that "a court should examine what was actually taking place in both settings to decide whether to abstain"); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (holding "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force"); *accord Anderson v. Schultz*, 871 F.2d 762, 764 (8th Cir. 1989) (finding *Younger* applicable where the federal and state criminal actions were initiated the same day). Given that the federal action and the state-court action are both in their preliminary stages, the Court finds "considerations of equity and comity support abstention" in this case. *Backpage*, 2017 WL 5726868, at *8. Thus, the first *Middlesex* factor is satisfied.

Regarding the second *Middlesex* factor, the Court additionally finds that the state-court proceeding implicates important state interests. Plaintiff contends that the "certiorari review of a zoning determination regarding whether to grant a conditional use permit" is a limited action not significant enough to warrant abstention. (Doc. #13, p. 16.) However, when "inquiring into the substantiality of the State's interest in its proceedings[,]" the court does "not look narrowly to its interest in the *outcome* of the particular case" but instead looks to "the importance of the generic proceedings to the State." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*,

491 U.S. 350, 365 (2011) (emphasis in original). Further, the Eighth Circuit has recognized that zoning and local land-use issues are important, sensitive matters best left for the state to decide. *See, e.g.*, *Night Clubs*, 163 F.3d at 480 ("[I]t is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land use regulations is an important state and local interest."). Consequently, the Court finds the second *Middlesex* factor is satisfied.

Lastly, Plaintiff argues the third *Middlesex* factor is not satisfied because Plaintiff lacks an adequate opportunity to raise constitutional challenges in its state-court proceeding. Under this factor, the inquiry for the Court is whether Plaintiff "could have raised" or "in fact . . . did raise its federal constitutional claims before the state court." *Night Clubs*, 163 F.3d at 480. The burden rests on Plaintiff to show that the ongoing state proceeding does not afford it an adequate opportunity to raise its constitutional claims, and a court "may not engage any presumption that the state courts will not safeguard federal constitutional rights." *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997) (citation omitted).

A review of the state-court petition reveals that not only does Plaintiff seek reversal of the Stone County Board of Adjustment's adverse decision, but Plaintiff also claims the Zoning Regulations were illegally applied by the Board of Adjustment in violation of the Fourteenth Amendment's Equal Protection Clause. (Doc. #10-1, pp. 7–8.) Such a claim, in this Court's view, asserts a federal constitutional challenge to the Board of Adjustment's decision against Plaintiff. In its opposition, Plaintiff does not identify any legal authority which prohibits it from raising its federal constitutional challenges to a board of adjustment's application of a zoning ordinance in an action under MO. REV. STAT. § 64.870(2).[5] Nor does Plaintiff address why it is

---

[5] Aside from the statute itself, Plaintiff's sole legal citation is to *Animal Shelter League of Ozarks, Inc. v. Christian Cty. Bd. of Adjustment*, 995 S.W.2d 533, 537 (Mo. App. S.D. 1999), specifically its statement that a state appellate court's review "is confined to a determination of whether [the board of adjustment's] action was authorized by law" and based on "competent and substantial evidence." The Court is not persuaded that this language, without more,

11

able to raise its Fourteenth Amendment Equal Protection claim in the state proceeding, but not its Fourteenth Amendment Due Process claims. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) (in the context of *Younger*, noting a plaintiff's "failure to avail [itself]" of the opportunity to raise a constitutional challenge in an ongoing state-court proceeding "does not mean that the state procedures were inadequate"); *see also Night Clubs*, 163 F.3d at 481 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)) (noting that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy"). Furthermore, the Missouri Supreme Court has recognized that the Missouri legislature, by adopting MO. REV. STAT. § 64.870(2), expanded "the scope of the remedy of certiorari and the grounds on which it will lie." *Gash*, 245 S.W.3d at 234. Taken together, the Court finds the ongoing state proceeding gives Plaintiff an adequate opportunity to raise its federal constitutional challenges and satisfies the third *Middlesex* factor.

### 3. Stay or Dismissal of Action Under *Younger*

Given its determination, on balance, that the *Middlesex* factors are satisfied, the Court finds that abstention under *Younger* is warranted in this case.[6] Defendants contend Plaintiff's complaint must therefore be dismissed. Plaintiff contends abstention is inappropriate and does not reach the question of whether a stay or dismissal should be entered.

In general, upon finding abstention under *Younger* is appropriate, a district court may dismiss the action. *See Night Clubs*, 163 F.3d at 481 (citation omitted) (noting that "the *Younger*

---

deprives Plaintiff of an adequate opportunity to raise its federal constitutional challenges in the state-court proceeding. Additionally, nearly identical statutory provisions permitting certiorari review for city boards-of-adjustment decisions allow petitioners to assert constitutional challenges. *See generally Duffner v. City of St. Peters*, 482 S.W.3d 811, 820 (Mo. App. E.D. 2016).

[6] The parties agree there are no exceptions to *Younger* that would make applying the doctrine in this case inappropriate. *See Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010) (quoting *Middlesex*, 457 U.S. at 432) ("Even if [the *Younger*] requirements are met, a federal court should not abstain if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'").

abstention doctrine directs federal courts to abstain from granting *injunctive* or *declaratory relief* that would interfere with pending judicial proceedings.") (emphasis in original). However, "in cases where damages are sought in the federal suit, the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention[.]" *Id.*; *see also Fuller v. Ulland*, 76 F.3d 957, 960 (8th Cir. 1996) (citation omitted) (stating "so long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention").

Plaintiff's three causes of action set forth in its complaint arise under 42 U.S.C. § 1983, but no claim requests monetary damages. Plaintiff seeks only "a judgment in its favor," an order "enjoin[ing] the Defendants" from their continued enforcement of the Zoning Regulations at issue and "declaring [those Zoning Regulations] unconstitutional . . . and void," and "for such other and further relief as the Court deems just and proper." (Doc. #1, ¶¶ 39, 49, 52.) Given that Plaintiff's complaint only seeks declaratory and injunctive relief and does not seek any monetary damages, the Court finds dismissal is appropriate.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. #10) is **GRANTED IN PART.** The motion is granted to the extent *Younger* is applicable, and this case is hereby dismissed without prejudice. To the extent Defendants seek dismissal pursuant to Rule 12(b)(6), the Court declines to grant such relief given its determination that abstention is proper.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: <u>July 16, 2021</u>