**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| 375 SLANE CHAPEL ROAD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-05044-SRB |
| | ) | |
| STONE COUNTY, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

***Respectfully submitted,***


/s/ *Jason C. Smith*
Jason C. Smith Mo. Bar No. 57657
Derek A. Ankrom Mo. Bar No. 63689
Alec M. Martinez Mo. Bar No. 72565
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, MO 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com
dankrom@spencerfane.com
ammartinez@spencerfane.com
***Attorneys for Plaintiff***

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1-2

II. APPLICABLE STANDARDS ........ 2-3

A. The Law-of-the-Case Doctrine ........ 2

B. Limitations on the Court's Inherent Power ........ 2-3

C. Dismissal for Failure to State a Claim ........ 3

III. ARGUMENT ........ 4-14

A. The Law-of-the-Case Doctrine Forecloses a Stay Based on *Younger* Abstention ........ 5-6

B. Other Federal Abstention Doctrines Do Not Provide any Proper Basis to Stay or Dismiss 375's Complaint ........ 6-11

i. *Pullman* Abstention Does Not Apply ........ 7

ii. *Colorado River* Abstention Does Not Apply ........ 8-9

iii. *Burford Abstention* Does Not Apply ........ 10-11

C. A Stay Unauthorized on Abstention Grounds Cannot be Issued Under the Guise of the Court's Inherent Power to Control its Docket ........ 11-12

D. Count III of 375's Complaint States a Cognizable Claim ........ 13

E. Dismissal of the Planning Commission and Planning Board is Not Warranted ........ 13-14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 3, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 3

*Bethea v. Levi Strauss and Co.*,
916 F.2d 453 (8th Cir. 1990) ........ 2, 5

*Brown v. Adtalem Global Educ., Inc.*,
421 F. Supp. 3d 825 (W.D. Mo. 2019) ........ 3, 13, 14

*Burris v. Cobb*,
808 F.3d 386 (8th Cir. 2015) ........ 7

*Cottrell v. Duke*,
737 F.3d 1238 (8th Cir. 2013) ........ 3, 8, 9, 12

*Doe v. McCulloch*,
835 F.3d 785 (8th Cir. 2016) ........ 10, 11

*Fletcher v. Conoco Pipe Line Co.*,
129 F. Supp. 2d 1255 (W.D. Mo. 2001) ........ 13

*Landis v. North American Co.*,
299 U.S. 248 (1936) ........ 12

*Mountain Pure, LLC v. Turner Holdings, LLC*,
439 F.3d 920 (8th Cir. 2006) ........ 8, 9

*New Orleans Public Service, Inc. v. Council of the City of New Orleans*,
491 U.S. 350 (1989) ........ 1, 2, 5, 6, 10, 11

*Railroad Comm'n of Texas v. Pullman*,
312 U.S. 496 (1941) ........ 4, 6, 7, 11

*Sprint Communications v. Jacobs*,
571 U.S. 69 (2013) ........ 1, 2

*Window World Int'l, LLC v. O'Toole*,
21 F.4th 1029 (8th Cir. 2022) ........ 11, 12

*Zink v. Lombardi*,
783 F.3d 1089 (8th Cir. 2015) ........ 3

**Statutes**

42 U.S.C. § 1983 .......... 4, 9, 13

**Other Authorities**

Fed. R. Civ. P. 8 .......... 3

Fed. R. Civ. P. 12 .......... 3, 4, 13, 14

Plaintiff 375 Slane Chapel Road, LLC ("375"), in opposition to the *Motion to Stay* (ECF No. 38) ("Motion") filed by Defendants Stone County ("Stone County"), Stone County Commission ("County Commission"), Stone County Planning & Zoning Commission ("Planning Commission"), and Stone County Planning & Zoning Board ("Planning Board") (collectively, the "Defendants"), suggests:

## I. INTRODUCTION

At Defendants' urging, the Court previously dismissed this action on the basis of the *Younger* abstention doctrine and its decision was reversed and remanded "for proceedings consistent with the opinion" of the Eighth Circuit Court of Appeals. *See* Judgment (ECF No. 35). In its Opinion, the Eighth Circuit explained that under *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989), "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States," and these circumstances are "limited to three types of state civil and criminal proceedings: (1) 'pending state criminal prosecutions,' (2) certain 'civil enforcement proceedings' warranting abstention, and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *See* Opinion (ECF No. 36), pp. 3-4. The Eighth Circuit further explained that, since *NOPSI*, the Supreme Court, in *Sprint Communications v. Jacobs*, 571 U.S. 69, 72 (2013), "emphasized that 'federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *See id.*, p. 5. And, despite "planning and zoning land-use issues [being] quintessential matters of state law," the Court of Appeals noted that the pendency of a state-court action outside the three categories of "exceptional circumstances" outlined in *NOPSI*,

"parallel state court proceedings do not detract from the 'virtually unflagging obligation' of federal courts 'to exercise the jurisdiction given them.'" *See id.*, pp. 8-9 (quoting *Sprint*, 571 U.S. at 77).

Nevertheless, following remand, Defendants again invite the Court to abstain under *Younger*, or another unspecified doctrine, and to stay this action indefinitely, in deference to the outcome of a civil lawsuit filed in Missouri state court by 375 against a defendant who is not a party to this action.[1] Pursuant to the Eighth Circuit's mandate, and because no other proper basis for abstention is implicated, the Court should decline Defendants' successive invitation to err.

## II. Applicable Standards

### A. The Law-of-the-Case Doctrine

"On remand, a district court is bound to obey strictly an appellate mandate." *See Bethea v. Levi Strauss and Co.*, 916 F.2d 453, 456 (8th Cir. 1990). "When an appellate court remands a case to the district court for further proceedings consistent with the appellate decision, all issues the appellate court decides become law of the case." *Id.* "Under the law-of-the-case doctrine, courts must follow decisions made in earlier proceedings to prevent the relitigation of settled issues in a case, thereby protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Id.*

### B. Limitations on the Court's Inherent Power

While a district court has "inherent power" to stay litigation in the sound exercise of its discretion "to control the disposition of the causes on its docket with economy of time and effort

---

1 In that state-court lawsuit, 375 sought *certiorari* review of a decision made by the Stone County Board of Adjustment ("BOA") and 375 prevailed on that claim, with the trial court finding that the BOA's decision "was both arbitrary and not supported by competent and substantial evidence on the whole record." The BOA filed its notice of appeal from that decision on November 3, 2022. The state-court lawsuit challenges a specific decision made by the BOA to deny 375 a conditional use permit; this action, however, challenges the promulgation and enforcement of the zoning regulations by the County, the County Commission, the Planning Commission, and the Planning Board.

for itself, for counsel, and for litigants," the bound of this power "is not limitless." *See Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013). It is an abuse of discretion to "bypass the rigorous test[s] set out by the Supreme Court" under traditional abstention doctrines, by invoking "inherent power," when a stay would "effectively dismiss[ ] the federal proceeding in favor of a concurrent state dispute." *See id.*

**C. Dismissal for Failure to State a Claim**

Rule 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8. "Specific facts are not necessary; the statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Brown v. Adtalem Global Educ., Inc.*, 421 F. Supp. 3d 825, 831 (W.D. Mo. 2019) (citing *Erickson v. Pardus*, 551, U.S. 89, 93 (2007)). In the context of Rule 12(b)(6) motions "[t]he Court must accept the plaintiff's allegations as true and view them in the light most favorable to the plaintiff." *See id.* To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

## III. Argument

Defendants' Motion improperly seeks another bite at nearly every apple well-chewed in connection with their original Motion to Dismiss, filed more than a year and half ago.

First, Defendants again assert that abstention is warranted and the Court should accordingly stay or dismiss this case, despite the Eighth Circuit expressly finding that abstention does not apply. While making passing reference to various bases for abstention that exist under the law, including (1) the *Pullman* abstention doctrine, (2) the *Burford* abstention doctrine, (3) the *Colorado River* abstention doctrine, and (4) the *Younger* abstention doctrine, Defendants ultimately argue that a broad, unspecified "abstention doctrine applies to local land use cases related to zoning regulations," or that "*Younger* abstention applies to all counts of Plaintiff's Complaint…." *See* <u>Defendants' Motion</u> (ECF No. 38) p. 3. These are the very same arguments raised in Defendants' pre-appeal Motion to Dismiss. *See* <u>Defendant's First Motion to Dismiss</u> (ECF No. 10), pp. 3-4.

Second, like their previously-filed Motion to Dismiss, the post-appeal Motion to Stay again seeks dismissal of 375's Counts I and II for allegedly "fail[ing] to state a claim for substantive and procedural due process under §1983 pursuant to FRCP 12(b)(6)," because the Complaint "merely alleges a run of the mill zoning dispute… and does not rise to the level of a constitutional due process violation." *Compare* <u>Defendants' Motion to Dismiss</u> (ECF No. 10) at ¶¶ 1-3 and 8-9, *with* <u>Defendants' Motion</u> (ECF No. 38) at ¶¶ 14-18.[2] Defendants, again, move to dismiss Count III for failing "to allege the requirements of a preliminary and permanent injunction." *Compare*

---

[2] This argument for dismissal is abandoned in Defendants' supporting suggestions. The issue of whether 375's allegations rise to the level of a viable "due process" claim is addressed only in connection with Defendants' argument that the Complaint "involve[s] state-law claims and must be stayed pending the outcome of Plaintiff's State Action," and there is no discussion of whether those allegations state a claim under Section 1983. *See* <u>Defendants' Suggs. in Supp.</u> (ECF No. 39), p. 13.

Defendants' Motion to Dismiss (ECF No. 10) at ¶¶ 16-19, *with* Defendants' Motion (ECF No. 38) at ¶¶ 19-22. And Defendants, again, move to dismiss the Planning Commission and Planning Board from all counts on the basis that the Complaint challenges only "the validity of the Stone County Zoning Regulations." *Compare* Defendants' Motion to Dismiss (ECF No. 10) at ¶ 20, *with* Defendants' Motion (ECF No. 38) at ¶ 23.

As discussed below, Defendants' Motion fails to identify any proper basis for a stay of this action, or dismissal of any claim asserted by 375. Defendants' Motion should be denied.

**A. The Law-of-the-Case Doctrine Forecloses a Stay Based on *Younger* Abstention**

By its Mandate, the Eighth Circuit has made its Opinion the law-of-the-case. *See Bethea,* 916 F.2d at 456. Accordingly, its explanation that "federal courts are obliged to decide cases within the scope of federal jurisdiction," and that "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter," must guide the Court going forward. *See* Opinion (ECF No. 36), p. 5.

Defendants appear to believe that the Court, though its prior dismissal under *Younger* was reversed, is nevertheless empowered to invoke *Younger* to stay this action. Such action would clearly violate the Mandate. The Court of Appeals did not hold only that **dismissal** based on abstention was unwarranted, it held that the Court "erred in **abstaining** under *Younger*." *See id.*, p. 7. The Court of Appeals analyzed the *NOPSI* categories and held that none applied to this case. *See* Opinion (ECF No. 36), p. 7. Thus, it is the law of **this** case that *Younger* abstention cannot be invoked – at all – because no parallel state-court proceeding meets the necessary "exceptional circumstances" threshold.

Regardless of the scope of abstention the Eighth Circuit's Opinion forecloses the application of *Younger*. For no purpose – whether dismissal or a stay – is the Court authorized to

invoke *Younger* abstention under the Eighth Circuit's Mandate. Defendants' argument to contrary is wholly without merit, and their continued urging of that doctrine improperly ignores the law-of-the-case.

**B. Other Federal Abstention Doctrines Do Not Provide any Proper Basis to Stay or Dismiss 375's Complaint**

Defendants' Motion argues that 375's Complaint should be stayed pending resolution of the State Certiorari Action or, in the alternative, dismissed based upon the "*Pullman*, *Burford*, *Colorado River Abstention*, and *Younger*[3] doctrines." *See* Defendants' Suggs. in Support (ECF No. 39), p. 10. However, neither *Pullman*, *Burford*, nor *Colorado River* abstention doctrines apply, and the Motion must, accordingly, be denied.

As an initial matter, Defendants argue throughout their Motion and Suggestions that, given the fact that 375's claims relate to local zoning regulations, the Court should categorically invoke some vague and ill-defined "abstention doctrine" as a matter of policy. *See, e.g.*, Motion (ECF No. 39), p. 13 (arguing generally that zoning dispute claims are matters of local concern that ought not be asserted in federal courts). This contention is clearly not supported by law; instead, abstention is warranted only under exceptional circumstances when the nature of a case invokes a recognized abstention doctrine. *See* Opinion (ECF No. 36). "[F]ederal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred." *See NOPSI*, 491 U.S. at 358. "The courts of the United States are **bound to proceed to judgment** and to afford redress to suitors before them in every case to which their jurisdiction extends." *Id.* "They cannot abdicate their authority or duty in any case in favor of another jurisdiction." *Id.* A federal court's "obligation to **adjudicate claims** within [its] jurisdiction" is "virtually unflagging." *See id.* at 359.

---

[3] As discussed above, any suggestion that *Younger* might apply is foreclosed by the prior appeal, and 375 will not further address that argument here.

Because federal district courts cannot abstain from their duty not only to exercise jurisdiction, but to proceed to judgment and adjudicate the claims presented, unless a recognized basis to do so is found applicable. Because *Pullman*, *Burford*, and *Colorado River* abstention doctrines do not apply, the Court is not authorized to invoke abstention to stay this action.

**i. *Pullman* Abstention Does Not Apply**

The *Pullman* abstention doctrine[4] was established by *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 (1941), and "requires a federal court to refrain from exercising its jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *See Burris v. Cobb*, 808 F.3d 386, 388 (8th Cir. 2015).

Defendants provide no explanation as to how or why the *Pullman* requirements are satisfied with respect to 375's claims and they are indeed not satisfied, because the State Certiorari Action does not involve any "potentially controlling issue of state law that is unclear." *See id.* Instead, 375's State Certiorari Action involves a narrow, statutorily authorized, review of the decision of the BOA. *See id.* (concluding that, because the at-issue Arkansas statute is clear with respect to the rights and obligations of the parties, there existed "no unsettled question of state law, [and] *Pullman* abstention is not appropriate").

The *Pullman* abstention doctrine does not apply in this case, and it provides no basis for a stay or dismissal.

[4] Although the Motion references the *Pullman* abstention doctrine in passing, Defendants provide no substantive discussion of the *Pullman* abstention doctrine or its applicable standards.

### ii. *Colorado River* Abstention Does Not Apply

Defendants next contend that the Court should stay or dismiss 375's claims pursuant to the *Colorado River* abstention doctrine. This argument likewise fails.

It is well-established that "a district court may utilize the Colorado River doctrine only when (1) parallel state and federal actions exist and (2) exceptional circumstances warrant abstention." *See Cottrell v. Duke*, 737 F.3d 1238, 1244-45 (8th Cir. 2013). "In the Eighth Circuit, to be parallel, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *See id.* Moreover, determining whether exceptional circumstances exist requires evaluation of the following factors:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*See Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006). Defendants provide no explanation as to why or how they argue that the parallel proceedings and exceptional circumstances requirements are satisfied with respect to 375's actions. They are not.

First, this action and the State Certiorari Action are not parallel for purposes of the *Colorado River* doctrine, because there is no likelihood that the State Certiorari Action will fully dispose of the claims presented here. In the State Certiorari Action, 375 initiated *certiorari* review proceedings against the BOA, for the sole purpose of reviewing the lawfulness of the BOA's **specific decision** to deny 375's CUP application. In this action, by contrast, 375 challenges the constitutionality of the promulgation and enforcement of the underlying regulation itself, and this

action is against distinct bodies not a party to the State Certiorari Action. Thus, the State Certiorari Action involves different causes of action, different parties, serves a different function, seeks different relief, and that the action complained of in this action (the promulgation and enforcement of an unconstitutional regulatory scheme) is not the basis of the State Certiorari Action (an unlawful quasi-judicial decision). Accordingly, the resolution of the State Certiorari Action will not dispose of any of 375's claims herein, and the cases are not sufficiently parallel to trigger the *Colorado River* doctrine. *See Cottrell*, 737 F.3d at 1244-45 ("When **any doubt exists** as to the parallel nature of concurrent state and federal proceedings, the district court cannot utilize *Colorado River* to refuse its jurisdiction.").

Additionally, there does not exist exceptional circumstances necessary to invoke the *Colorado River* doctrine. Indeed, Defendants do not even argue that any such circumstance exists. Applying the exceptional circumstance factors set forth in *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006), it is clear that: (1) the Stone County, Missouri Circuit Court has exclusive, established, jurisdiction of the State Certiorari Action and this Court has jurisdiction of 375's constitutional claims arising under 42 U.S.C. § 1983; (2) there is no inconvenience in the federal forum; (3) the separate actions are against different parties, for different purposes, and for different relief, eliminating any concern of piecemeal litigation; (4) neither case has priority; (5) state law controls the State Certiorari Action and federal law controls this action; and (6) the state forum can adequately protect 375's rights. *See id.* Such factors thus do not evidence any "exceptional circumstances" and the *Colorado River* abstention doctrine does not apply.

### iii. *Burford* Abstention Does Not Apply

Defendants similarly fail to demonstrate that *Burford* abstention constitutes a proper basis for the stay or dismissal of 375's claims.

Pursuant to *Burford*, "a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult question of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive to state efforts to establish a coherent policy with respect tot a matter of substantial public concern." *See New Orleans Public Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). "*Burford* abstention applies when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when the resolution of the case demands specialized knowledge and the application of complicated state laws." *See Doe v. McCulloch*, 835 F.3d 785, 788 (8th Cir. 2016).

In apparent support of their contention that *Burford* abstention might apply to 375's claims, Defendants argue generally that 375's "claims arise out of state-law claims" and that there exists "threat of conflict between this case and the state action." *See* Motion [ECF No. 39] p. 12-15. As to the former, Defendants cite no case law related to abstention, much less *Burford* abstention, and, instead, argue generally that disputes relating to zoning issues categorically do not belong in federal court.[5] *See id.* at p. 12-13. Aside from this blanket categorization, Defendants fail to explain how or why issues related to zoning necessarily invoke *Burford*.

[5] Defendants repeatedly misconstrue the nature of 375's federal claims in this action, which do not, as Defendants suggest, cause the Court to "sit as a zoning board of appeals." *See* Defendants' Sugg. in Supp. (ECF No. 39), p. 13. Instead, in this action, 375 challenges legislative and executive acts, *i.e.*, the enactment and enforcement of an unconstitutional zoning regulation, rather than any quasi-judicial decision-making of BOA.

Defendants' contention that there is a threat of conflict between this case and the State Certiorari Action is similarly unavailing. As discussed fully in Section III(A)(iii) *supra*, 375's State Certiorari Action does not threaten multiple or inconsistent outcomes, and instead involves different causes of action, different parties, serves a different function, seeks different relief, such that resolution of either action will not necessarily affect the other. Moreover, for purposes of *Burford* abstention, the appropriate inquiry is whether "exercise of federal review of the question in a case and in a similar case would be **disruptive to state efforts to establish a coherent policy with respect to a matter of substantial public concern**." *See New Orleans Public Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989) (emphasis added).

Here, *Burford* abstention is clearly not warranted, because 375's claims do not relate to any complex regulatory scheme, and do not involve the balancing of state interests. *See, e.g.*, *Doe v. McCulloch*, 835 F.3d 785, 788 (8th Cir. 2016) (holding that "the district court erred in applying *Burford* abstention" because the plaintiff's "lawsuit does not involve any complex regulatory scheme, nor does it demand the delicate balancing of state interests typically found in *Burford* abstention cases"). Accordingly, the *Burford* abstention doctrine is not applicable to 375's action and it does not provide any proper basis to stay or dismiss 375's claims.

### C. A Stay Unauthorized on Abstention Grounds Cannot be Issued Under the Guise of the Court's Inherent Power to Control its Docket

Because, as described herein, there is no basis to invoke abstention pursuant to the *Pullman*, *Burford*, *Colorado River*, or *Younger* abstention doctrines, Defendants fail to raise any lawful basis to stay this action pending the resolution of the State Certiorari Action. In support of their contention that a stay is warranted, Defendants reference the Eight Circuit's citation in its Opinion to *Window World Int'l, LLC v. O'Toole*, 21 F.4th 1029 (8th Cir. 2022), and note the general proposition that a district court has inherent power to "control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel and for litigants." *See* Motion [ECF No. 39], p. 8, 14 (quoting *Landis v. North American Co.*, 299 U.S. 248 (1936)). However, *Window World* does not support the proposition that a stay should be entered in this case and, instead, Eighth Circuit precedent mandates that the case not be stayed.

In *Window World*, the Eighth Circuit held that the district court's decision to stay proceedings pursuant to the *Colorado River* abstention doctrine pending resolution of state court proceedings was not an appealable final order. *See* 21 F.4th at 1034-35. It did not however, as Defendants seemingly suggest, hold that the Court may simply elect to stay a case pending the resolution of a potentially related action where abstention is not otherwise warranted. *See id.* (declining to address, due to lack of jurisdiction, whether the trial court erred in invoking *Colorado River* abstention). Instead, the Eight Circuit explained in *Cottrell* that such a stay is an abuse of discretion:

> Post *Colorado River*, our precedent has recognized that a district court retains its inherent power to control its docket when facing concurrent state and federal litigation. This power, however, **is not limitless**…. To permit a district court to rely solely on its inherent power to control its docket, when the effect of the district court's order is to accomplish the same result accomplished by Colorado River, would allow a court **to bypass the rigorous test set out by the Supreme Court**.

*See* 737 F.3d at 1249 (holding that a stay in favor of parallel state-court litigation based upon "inherent" authority where no other abstention doctrine properly applies to be an abuse of discretion).

Here, there exists no proper basis to invoke any abstention doctrine as a result of the State Certiorari Action, and Defendants have put forward no legal theories upon which a stay might be warranted. Defendants' request for stay of this action must be denied.

**D. Count III of 375's Complaint States a Cognizable Claim**

In addition to abstention, Defendants seek dismissal of 375's Count III, and contend that 375 has failed to state a cognizable claim for preliminary or permanent injunction. Specifically, Defendants argue that "[375] has failed to allege any of the requirements to properly plead permanent injunction" and that 375 has not suffered irreparable harm.

375's request for preliminary and permanent injunction is not properly subject to Fed. R. Civ. P. 12(b)(6) analysis, because "a permanent injunction is a remedy and not a cause of action." *Fletcher v. Conoco Pipe Line Co.*, 129 F. Supp. 2d 1255, 1264 (W.D. Mo. 2001). To seek an injunctive remedy, a plaintiff need only "allege some wrongful conduct on the part of Defendant for which their requested injunction is an appropriate remedy." *Id.*

Here, the Complaint alleges wrongful conduct in violation of 42 U.S.C. § 1983, including violations of 375's constitutional right to due process, and seeks injunction as an equitable remedy as expressly authorized by that statute. *See* 42 U.S.C. § 1983. Defendants' Motion must accordingly be denied with respect to this argument.

**E. Dismissal of the Planning Commission and Planning Board is Not Warranted**

Defendants last argue that Defendants Stone County, the Planning Commission, and the Planning Board should be dismissed because "Stone County Regulations were adopted and enacted by the Stone County Commission." *See* Motion (ECF No. 39), p. 21. This argument does not provide a basis for dismissal of any Defendant under Rule 12(b)(6), because it is contingent upon the introduction of information outside the scope of the Complaint. *See Brown*, 421 F. Supp. 3d at 831.

When reviewing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, "[t]he Court must accept the plaintiff's allegations as true and view them in the light most favorable

to the plaintiff." *Id.* The Complaint alleges that the County Commission, Planning Commission, and Planning Board "are tasked with, among other duties, establishing, adopting, and/or enforcing the Stone County Comprehensive Plan and the Stone County Zoning Regulations." See Complaint (ECF No. 1), ¶ 7. Defendants cannot merely assert as fact allegations that contradict the Complaint as a basis for Rule 12(b)(6) dismissal. *See Brown*, 421 F. Supp. 3d at 825. Likewise, because the County Commission, Planning Commission, and Planning & Zoning Board are each political and/or administrative subdivisions of Stone County, the Complaint establishes the facial plausibility requirement as to Stone County. *See Iqbal*, 556 U.S. at 678.

375 filed this action with the information and belief that each named Defendant was involved in establishing, adopting, or enforcing the Regulations and Stone County Comprehensive Plan, and intends to conduct discovery regarding the scope of Defendants' involvement. To the extent Defendants claim they are not sufficiently involved in the promulgation or enforcement of the Regulations, their proper recourse is by way of summary judgment.

Defendants Stone County, the Planning Commission, and the Planning Board do not assert that the Complaint fails to state claim; they assert that the true facts are different than those alleged. This is not the substance of which a motion, much less dismissal, under Rule 12(b)(6) are properly made.

WHEREFORE, Plaintiff 375 Slane Chapel Road, LLC respectfully requests the Court enter its order denying the Motion to Stay (ECF No. 38) filed by Defendants Stone County, the Stone County Commission, the Stone County Planning & Zoning Commission, and Stone County Planning & Zoning Board, and granting 375 Slane Chapel Road, LLC such other and further relief as the Court deems just and proper.

***Respectfully submitted,***

/s/ *Jason C. Smith*

Jason C. Smith Mo. Bar No. 57657
Derek A. Ankrom Mo. Bar No. 63689
Alec M. Martinez Mo. Bar No. 72565
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, MO 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com
dankrom@spencerfane.com
ammartinez@spencerfane.com
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on this 10th day of January, 2023, that the foregoing instrument was filed with the Court's electronic filing system, which sent notice of such filing to:

Travis A. Elliott & Paige J. Parrack
ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.
telliott@eehjfirm.com
pparrack@eehjfirm.com

*and*

William McCullah
STONE COUNTY COUNSELOR
county@mccullah.com

*Attorneys for Defendant*

/s/ *Jason C. Smith*