IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| 375 SLANE CHAPEL ROAD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-05044-SRB |
| | ) | |
| STONE COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Stay, or Alternatively, Dismiss Plaintiff's Complaint. (Doc. #38.) For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

Plaintiff is 375 Slane Chapel Road LLC ("Plaintiff"), a Missouri limited liability company owned and operated by Missouri residents Joseph and Yvonne Cordell. Plaintiff owns three parcels of real property located in Stone County, Missouri, that contain a vacation home (the "Property"). Plaintiff seeks to use the Property as a short-term rental.

Under Stone County's zoning regulations (the "Zoning Regulations"), the Property is designated as an R-1 property. Pursuant to the Zoning Regulations, owners of an R-1 property seeking to operate a short-term rental must apply for a conditional-use permit ("CUP") from the Stone County Planning and Zoning Commission (the "P&Z Commission"). On or around October 20, 2020, Plaintiff filed an application for a CUP (the "Application"). The P&Z Commission approved the Application during a hearing on November 17, 2020. Shortly thereafter, a neighboring landowner appealed the P&Z Commission's decision to the Stone County Board of Adjustment (the "Board of Adjustment"). On April 13, 2021, the Board of

Adjustment held a hearing on the matter, where multiple neighboring landowners to Plaintiff's Property voiced their opposition to the P&Z Commission's grant of a CUP. The Board of Adjustment ultimately reversed the P&Z Commission's decision and denied Plaintiff's application for a CUP.

On May 12, 2021, Plaintiff filed the instant action against the following parties: Stone County, Missouri (the "County"); the Stone County Commission (the "County Commission"); the P&Z Commission; and the Stone County Planning and Zoning Board (the "P&Z Board") (collectively, "Defendants"). Plaintiff asserts three causes of action arising under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment Plaintiff: (I) declaratory judgment, declaring certain provisions of the Zoning Regulations are unconstitutional as applied; (II) a declaratory judgment, declaring that certain provisions of the Zoning Regulations are facially unconstitutional; and (III) a preliminary or permanent injunction, enjoining Defendants from enforcing certain provisions of the Zoning Regulations against Plaintiff and other applicants.

The same day, Plaintiff filed an action in the Circuit Court of Stone County against the Board of Adjustment ("the State Action"). Plaintiff alleges that the Board of Adjustment's decision reversing the grant of a CUP violated Mo. Rev. Stat. § 64.870; was not supported by competent and substantial evidence; and unlawfully applied the Zoning Regulations in a disparate and discriminatory manner, in violation of the Equal Protection Clauses of the United States and Missouri Constitutions.

Defendants moved to dismiss the instant action, arguing that Plaintiff's claims were barred by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The Court granted Defendants' motion. Plaintiff filed a motion to alter or amend the Court's judgment,

2

Case 3:21-cv-05044-SRB   Document 42   Filed 01/24/23   Page 2 of 8

pursuant to Federal Rule of Civil Procedure 59(e).  The Court denied Plaintiff's motion.  Plaintiff appealed both orders dismissing the case and denying to alter or amend the judgment.  The Eighth Circuit reversed, finding that the *Younger* doctrine was not applicable ("the Appellate Ruling").  *See 375 Slane Chapel Road, LLC v. Stone Cty., Missouri*, 53 F.4th 1122 (8th Cir. 2022).

On December 27, 2022, Defendants filed the instant motion to stay, or alternatively, dismiss Plaintiff's complaint.  Plaintiff opposes the motion.  The parties' arguments are addressed below.

## II. LEGAL STANDARD

Defendants move to stay this case.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254–55 (citations omitted).  The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward[.]"  *Id.*

Alternatively, Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  A claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678).

3

Although a complaint need not contain "detailed factual allegations," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. The Court must consider all factual allegations in the complaint as true. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

### III. DISCUSSION

#### A. Motion to Stay

Defendants argue that a stay of this case is necessary "pursuant to the doctrine of abstention." (Doc. #39, p. 9.) Defendants argue that abstention is warranted under (1) the *Colorado River* abstention doctrine, *Colorado River Water Conserv. District v. United States*, 424 U.S. 800 (1976); and (2) the *Younger* abstention doctrine.[1] Plaintiff disagrees. The Court will address each abstention doctrine separately below.

##### i. *Colorado River* Abstention

Defendants argue that *Colorado River* abstention is warranted in this case because the instant action and the State Action are based on the same facts: "Plaintiff's application for a [CUP] for the operation of a short-term rental." (Doc. #39, p. 19.) Plaintiff disagrees, arguing the instant action and the State Action are not parallel proceedings for purposes of the *Colorado River* doctrine.

"[A] district court may utilize the *Colorado River* doctrine only 'when [1] parallel state and federal actions exist and [2] exceptional circumstances warrant abstention.'" *Cottrell v.*

---

[1] Defendants also argue that abstention is warranted under the *Pullman* abstention doctrine, *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 (1941); and the *Burford* abstention doctrine, *Burford v. Sun Oil Co.*, 319 U.S. 315, (1943). However, Defendants' motion does not elaborate or make specific arguments as to these two doctrines. Defendants make brief arguments regarding the *Burford* and *Pullman* abstention doctrines in their reply, (*see* Doc. #41, pp. 4–5). For the reasons stated in Plaintiff's brief, Defendants' arguments as to the *Pullman* and *Burford* abstention doctrines are rejected.

4

*Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (quoting *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009)). "In the Eighth Circuit, to be parallel, 'a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in federal court.'" *Id.* (quoting *Fru-Con*, 547 F.3d at 535). "[T]he same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient" for a state proceeding to be substantially similar. *Fru-Con*, 547 F.3d at 535.

In support of their argument that the instant action and the State Action are parallel, Defendants argue "both the State Action and this case arise out of Plaintiff's application for a [CUP][.]" (Doc. #41, p. 3.) Defendants fail to identify any similarities, outside of the same general facts and parties, that would render the two actions parallel. Further, Defendants do not argue that the State Action would fully dispose of the claims before this Court.

The Court agrees with Plaintiff that the instant action and the State Action are not parallel for purposes of the *Colorado River* doctrine:

> [T]his action and the [State Action] are not parallel for purposes of the *Colorado River* doctrine, because there is no likelihood that the [State Action] will fully dispose of the claims presented here. In the [State Action], [Plaintiff] initiated certiorari review proceedings against the [Board of Adjustment], for the sole purpose of review the lawfulness of the [Board of Adjustment]'s specific decision to deny [Plaintiff]'s CUP application. In this action, by contrast, [Plaintiff] challenges the constitutionality of the promulgation and enforcement of the underlying regulation itself, and this action is against distinct bodies not a party to the [State Action]. Thus, the [State Action] involves different causes of action, different parties, serves a different function, seeks different relief, and that the action complained of in this action (the promulgation and enforcement of an unconstitutional regulatory scheme) is not the basis of the [State Action][.]

(Doc. #40, p. 13.) Accordingly, Defendants' argument is rejected.[2]

---

[2] Even if the instant action and State Action were considered parallel proceedings for purposes of the *Colorado River* abstention doctrine, the Court finds that there are not exceptional circumstances present warranting abstention

### ii. *Younger* Abstention

Defendants argue that "[t]here is no doubt . . . that this case fits within the category of cases to which *Younger* abstention applies, and that the three *Middlesex* factors are satisfied." (Doc. #39, p. 18.) Plaintiff disagrees, arguing "Defendants again assert that abstention is warranted and that the Court should stay or dismiss this case, despite the Eighth Circuit expressly finding that abstention does not apply" is this case. (Doc. #40, p. 8.)

"On remand, a district court is bound to obey strictly an appellate mandate." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990) (citations omitted). "If the district court fails to comply with an appellate mandate, the appellate court has authority to review the district court's actions and order it to comply with the original mandate." *Id.* (citation omitted).

The Court agrees with Plaintiff. In the Appellate Ruling, the Eighth Circuit reversed this Court's holding that *Younger* abstention is warranted in this case and found that this Court "misinterpreted the 'exceptional circumstances' warranting *Younger* abstention." *375 Slane Chapel Road*, 53 F.4th at 1125 (citation omitted). Specifically, the Eighth Circuit found that none of the three categories of exceptional circumstances warranting *Younger* abstention, as set out in *New Orleans Public Services, Inc. v. Council of the City of New Orleans* ("NOPSI"), 491 U.S. 250 (1989), are present in this case. The Eighth Circuit stated: "When asked at oral argument which of the three NOPSI categories applies, counsel for Defendants said categories 'two and three are both potential candidates to be applied in this situation.' We conclude neither category applies and therefore the district court erred in abstaining under *Younger*." *375 Slane Chapel Road*, 53 F.4th at 1127. Accordingly, Defendants' argument is rejected.

---

and that Defendants have failed to show that the State Action would fully dispose of the claims presented in the instant action. *See Fru-Con*, 574 F.3d at 538 (discussing *Colorado River*'s exceptional-circumstances factors).

6

### B. Motion to Dismiss

Alternatively, Defendants argue that Plaintiff's claims should be dismissed because (1) Plaintiff has failed to plead the necessary elements to obtain a preliminary and permanent injunctions; and (2) Plaintiff fails to make specific allegations as to the P&Z Commission and the P&Z Board. Plaintiff disagrees. Each argument is addressed separately below.

#### i. Failure to Plead the Necessary Elements of an Injunction

Defendants argue that Count III, seeking an injunction, should be dismissed because "Plaintiff has failed to allege any of the requirements to properly plead preliminary or permanent injunction." (Doc. #39, p. 19.) Plaintiff disagrees, arguing that Count III cannot be dismissed pursuant to Rule 12(b)(6) because an injunction is a remedy and not a cause of action.

"[T]here is no 'injunctive' cause of action under Missouri or federal law. Instead, Plaintiffs must allege some wrongful conduct on the part of Defendant for which their requested injunction is an appropriate remedy." *Fletcher v. Conoco Pipe Line Co.*, 129 F.Supp.2d 1255, 1264 (W.D. Mo. 2001) (citation omitted) (dismissing plaintiff's claims for an injunction as redundant). "Injunctive relief . . . is a remedy, not an independent cause of action." *Henke v. Arco Midcon, L.L.C.*, 750 F.Supp.2d 1052, 1059–60 (E.D. Mo. 2010) (citations omitted). "Plaintiff[] may seek injunctive relief as part of their prayer for relief in another claim, but this remedy cannot stand as [a] separate[] cause of action[.]" *Id.* at 1060.

Accordingly, because injunctive relief cannot stand as a separate cause of action, the Court must dismiss Count III.

#### ii. Allegations Specific to the P&Z Commission and the P&Z Board

Defendants argue that all claims against the P&Z Commission and the P&Z Board should be dismissed because "Plaintiff fails to make any specific allegations relating to actions by the [P&Z] Commission, or the [P&Z] Board" and because they had no involvement in the drafting or

7

enacting of the Zoning Regulations. (Doc. #39, p. 21.) Plaintiff disagrees, arguing the Complaint contains sufficient factual allegations to survive a motion to dismiss.

Plaintiff alleges that the P&Z Commission "and P&Z Board are tasked with, among other duties, establishing, adopting, and/or enforcing the Stone County Comprehensive Plan and the Stone County Zoning Regulations in conjunction with Stone County." (Doc. #1, p. 2.) *See Ash*, 799 F.3d at 961 (holding a complaint must contain "factual allegation[s] that could 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'") (quoting *Iqbal*, 556 U.S. at 678) (alteration in original). Discovery may reveal that the P&Z Commission and P&Z Board had no role in establishing or enforcing the Zoning Regulations. However, at this stage in the litigation, the Court must assume the factual allegations of the Complaint are true. *See Data Mfg., Inc.*, 557 F.3d at 851.

Assuming, as alleged in the Complaint, that the P&Z Commission and P&Z Board established, adopted, or enforced the Zoning Regulations, the Court finds that Plaintiff has pled sufficient facts to survive a motion to dismiss. Therefore, Defendants' argument is rejected.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Stay, or Alternatively, Dismiss Plaintiff's Complaint (Doc. #38) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Count III is dismissed, and DENIED as to all other respects.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: January 24, 2023